## Hawkes Glass Beveling & Silvering Company
### v.
## Bohn Manufacturing Company.

*Sales—Corporation—Power to Make Contract.*

In an action brought to recover for the failure of defendant to deliver certain glass under a contract duly entered into, it contending that it had no power to enter into the same, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed June 2, 1891.]

In error to the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Fry & Babb, for plaintiff in error.

This case must be affirmed or reversed, upon the determination alone, of the question of *ultra vires,* without regard to any question of estoppel, or right of plaintiff in error to raise the question of *ultra vires.*

The contract in question was *ultra vires* and void.   Alexander v. Cauldwell, 83 N. Y. 480; Lydenborough G. Co. v. Mass. G. Co., 111 Mass. 315; Westinghouse M. Co. v. Wilkinson, 79 Ala. 312; Downing v. Mount Washington Road Co., 40 N. H. 230; Wiswall v. Greenville, etc., R. Co. 3 Jones' Eq. (N. C.), 183; Smith v. State, 31 Iowa, 493; Watchorn v. Langford, 3 Camp. 422; Ashbury Ry. Car & Iron Co. v. Riche, Law Rep. Eng. & Ir. App. Cas., Vol. 7, 653; Green's Brice's Ultra Vires, 1880, 79; Pond v. Sheean, 132 Ill. 312; Bishop on Contracts, Last Ed., Sec. 487; Henderson v. Palmer, 71 Ill. 583; Tenney v. Foote, 95 Ill. 99.

The judgment may be reversed although it has been paid without execution.   Hatch v. Jacobson, 94 Ill. 584; Richeson v. Ryan, 14 Ill. 74 ; Page v. The People, 99 Ill. 425.

It appearing of record in this court that defendant in error collected $401.16 on the erroneous judgment, judgment should, on reversal, be entered in this court in favor of the plaintiff in error for $401.16.   Powell on Appellate Proceedings, 288 and 289; Tidd's Practice, Vol. 2, p. 1, 186; Bk. of U. S. v. Bk. of Washington, 6 Peters, 8.

Messrs. Conover, Shedd & Underwood, for defendant in error.

1.   A corporation may exercise not only the powers expressly granted by its charter, but also such incidental powers as are necessary to carry into effect those specifically conferred.   Green's Brice's Ultra Vires, pp. 86, 90, 91, 94; Caldwell v. City of Alton, 33 Ill. 416; West v. Menard Co. Agl. Board, 82 Ill. 705; Wheeler v. San Francisco & A. R. R. Co., 31 Cal. 65; Chicago Building Society v. Crowell, 65 Ill. 453 ; Shrewsbury & B. Ry. Co. v. N. W. Ry. Co., 6 House of Lords Cases, 113–124.

2.   Transactions which, *prima facie*, appear to be wholly foreign to the business for which a corporation was formed, may yet come within its implied incidental powers if they are auxiliary to any legitimate purpose of the company, and reasonably adapted to attain the same.   Morawetz on Corpora-

Hawkes Glass Co. v. Bohn Mfg. Co.

tions, Sec. 364; Angell & Ames on Corporations, pp. 255, 256; Sutro T. Co. v. Segregated Belcher M. Co., 8 Am. & Eng. Corp. Cas., 217; Madison, etc., P. R. Co. v. Watertown, 5 Wis. 173 ; Searight v. Payne, 6 Lea, 283; Re British and Foreign Cork Co., L. R., 1 Eq. 231; Lyndeborough Glass Co. v. Mass. Glass Co., 111 Mass. 315; Old Colony R. R. Co. v. Evans, 6 Gray, 25; Brown v. Winnisinnet Co., 11 Allen, 326.

GARY, J. The Hawkes, etc., Co., was incorporated "to bevel, silver, and work in glass," and made a contract for the gross price of $5,936, to supply the Bohn Co. with a bill of glass, one-half of which was to have work done upon it by themselves and the other half not.

They furnished none, and were sued. In defense they say they had no power to make the contract. The court decided against them, and whether correctly is the question in this case. Literally their power is only to do work upon glass, but no doubt it extended to buying glass to work upon, and to selling glass they had worked upon, and as incidental to that, they might in good faith take contracts to supply ornamental glass, and to facilitate the business of obtaining such contracts, agree to furnish plain glass with the ornamental.

Whether in a particular instance the plain glass part of the contract was incidental to, or for the purpose of, obtaining the ornamental part, or the latter was a subterfuge to cover a transaction foreign to their powers, is a question of fact.

The reasoning in Chicago Bldg. Soc'y v. Crowell, 65 Ill. 453, and Lyndeborough Co. v. Mass. Glass Co., 111 Mass. 315, may be referred to without repetition as authority for the decision below, and it is affirmed.

*Judgment affirmed.*